Judge Marshall
delivered the Opinion of the Court.
This was an action of trespass vi et armis brought by Bays against Mattox, for the alleged burning and destroying of various articles of personal property belonging to the plaintiff. The defendant pleaded not guilty; and on the trial, the court, notwithstanding the objection of the defendant, permitted the plaintiff to ask a witness, “ if a large company who were present shortly after the destruction of the plaintiff’s property, did not all agree to be sworn to their innocence, except the defendant, who refused, and if all were not sworn by John *462 Sykins, a justice of the peace, except the defendant.” The answer was permitted to go to the jury, as a circumstance to which they might give such weight as they chose. A verdict and judgment were rendered for the plaintiff, and the only point presented for our consideration, is whether the court erred in permitting the foregoing question to be put and answered.
The multiplication of unauthorized oaths is manifestly inconsistent with public policy, as it tends to diminish the efficacy of those sanctions, the strength of which forms the surest protection to the interests of society; and we are of opinion that the admission of the testimony offered was a violation of this policy.
It may be admitted that the refusal of the defendant to take the oath proposed in this case, if not founded upon any objection to the rightfulness of administering and taking such extra-judicial oaths, might furnish ground for inferences unfavorable to him, as the fact of taking it, might also furnish ground for favorable inference as to those by whom it was taken. It might be presumed that, in the one case, the party would not voluntarily have made such an appeal, unless he were conscious of his innocence, and that in the other, he would not have refused to make it, unless he had been conscious of guilt. But whatever effect the application of such a test may have on the minds of those who are not concerned in the administration of the laws, it is entitled to none in a court of justice, where the administering of an oath in legal form is regarded, not only as the highest test of truth, but as an instrument appropriated by the law for its ascertainment in judicial investigations. The sanctity of which instrument, as the law guards it by the denunciation’of heavy penalties, should also be guarded by the ministers of the law, by withholding and discountenancing its application, except in cases authorized by law, or justified by an obvious necessity. But to establish the doctrine, that the refusal to deny a fact by an extra-judicial oath, is legal evidence of the fact against the party refusing the oath, is, in effect, to sanction the administration of the oath, and compels the party to take it, under penalty of having the *463 fact found against him, if he refuse. If a party be innocent, he must take the oath, if it be proposed, or he may be found guilty without evidence. If he be guilty, he must take a false oath, if any one propose it, or his refusal will furnish, perhaps, the only evidence of his guilt. The guilty may be willing to take an oath, for the falsity of which they will be subject to no legal punishment, while the innocent may be unwilling to take it, because it is unauthorized, and may be regarded, on that account, as a profane appeal to the author of truth. There is neither justice, nor propriety, in such a course of procedure, nor does it derive any aid from considertions of public necessity or convenience.
For this court then to recognize, as legitimate, such a mode of procuring evidence, would be to give its sanction to the administering of oaths without authority or necessity, and against the policy of the law, and would be encouraging a resort to this unauthorized test, with the probable effect of doing injustice, in many cases, and with the certain consequence of increasing the number of actual perjuries, of depreciating the sanctity of judicial oaths, and of diminishing that regard to truth which is the best security for individual rights, and social harmony. We cannot, therefore, concur with the Circuit Court, in relation to the admissibility of this testimony.
And because it was erroneously admitted, the judgment is reversed, and the cause remanded, that a new trial may be had, on principles conformable to this opinion.